# Lee, Erter, Wilson, Holler & Smith, L.L.C.

| | Attorneys at Law | |
|---|---|---|
| Jack W. Erter, Jr.<br>Harry C. Wilson, Jr.<br>David C. Holler*<br>G. Murrell Smith, Jr. | 126 North Main Street<br>Post Office Box 580<br>Sumter, South Carolina 29151 | Robert W. Brown<br>Of Counsel<br>Steven B. Johnson |
| *Licensed in SC, NC & GA | | Telephone: (803) 778-2471<br>Facsimile: (803) 778-1643 |

November 19, 2012    Email Address: stevenjohnson@leeandmoise.com

**LEGAL MAIL**
Michael Bernard Lesane, # 258515
Kershaw Correctional Institution
4848 Goldmine Hughway
Kershaw, SC 29067

IN RE:    Michael Bernard Lesane, # 258515 v. SCDC
         Civil Action No.: 2:12-cv-508-JMC-BHH

Dear Mr. Lesane:

I am in receipt of your "FOIA" request which you forwarded to the South Carolina Department of Corrections. I understand you are requesting any report generated by the Division of Investigations in relation to the underlying complaints asserted in the above referenced matter.

In light of the pending litigation in this matter and in the interest of cooperation, I am hereby responding to your correspondence as though it is a request to produce as governed by the Federal Rules of Civil Procedure. Accordingly, please find enclosed Investigator Lloyd Greer's Investigative Report which I hereby produce to you.

With best regards, I am

Very truly yours,

Lee, Erter, Wilson,
Holler & Smith, LLC

Steven B. Johnson

SBJ:bt
Enclosure

## SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
## OFFICE OF INSPECTOR GENERAL
## DIVISION OF INVESTIGATIONS

| | | |
|---|---|---|
| Report of: | Lloyd R Greer | Status: C |
| Date of Report: | July 14, 2011 | |
| Case Number: | 30-0798 | |

**TITLE**

Subject(s):  Wanda Fulton, Registered Nurse, Employee #049766
Cecil Floyd, Medical Technician, Employee #048855
Lt. Barret Durant, Employee #029408
Sgt. Levern Epps, Employee #042330
Major James Dean, Employee #009672

Complainant/Victim:  Inmate Michael Lesane, SCDC #258515
Category:  Personnel Investigation
Location:  Lee Correctional Institution
Date:  May 25, 2011

## INVESTIGATIVE REPORT

### SYNOPSIS OF INVESTIGATION:

On June 1, 2011, Investigator Lloyd Greer received a Request to Staff from inmate Michael Lesane, SCDC #258515, in which he alleged that on May 25, 2011, he had went to Medical for a migraine headache and was held down by staff and forced to be catheterized against his will.

During an interview, inmate Lesane stated on the morning of the incident he woke up and was having a migraine headache. Lesane stated that he has experienced this problem in the past and was told by medical staff that whenever he has a migraine to advise the officer to call Medical so he can see the doctor. Lesane stated that when Nurse Scott checked his blood pressure, she stated that his blood pressure was elevated and he had an increased heart rate. Lesane stated that after Scott consulted with the doctor, Scott advised him the doctor wanted a urine sample. Lesane stated that he asked to speak to the doctor; however, his request was denied. Lesane stated that he told them that if he couldn't speak with the doctor then he would just leave. Lesane said he was told he could not leave even though he was refusing medical treatment. Lesane said that Major Dean Advised him that he was going to give a urinalysis. Lesane stated that when he refused he was handcuffed.

Lesane stated that Major Dean informed him that they were going to hold him down on the bed and he would be catheterized. Lesane said he asked Major Dean if this was legal and Dean told him that it was. Lesane further stated that he was put into leg irons, several officers stood around him while Nurse Fulton took his penis and placed a tube inside, extracting urine.

CASE NUMBER: 30-0798
SYNOPSIS, CONTINUED: (2)

Medical Tech Cecil Floyd stated that inmate Lesane came to Medical and a complete set of vital signs were taken. Floyd stated that Lesane had a pulse rate of 133 beats per minute which could indicated that the individual was taking some type of drug. Dr. Steen was shown the vital signs, and requested a urine drug screen. Floyd said he advised Lesane that they needed a urine sample and Lesane said, "Absolutely not." Floyd stated that he was advised by Nurse Fulton that when there is a M.D. order for a drug screen them inmate can't refuse and they have to call Major Dean. Floyd stated it is in policy that the inmate cannot refuse. Floyd provided a memorandum from Dr. Moore, which states that "if an inmate was unable to urinate he would catheterized." Floyd states that Major Dean came to Medical with other officers and the inmate was catheterized.

Nurse Wanda Fulton stated that when inmate Lesane came to Medical his vital signs were taken and Dr. Steen was advised. Fulton said Medical Tech Cecil Floyd advised her that the doctor had given an order for a drug screen. However, Lesane was refusing to urinate, saying that it did not have anything to do with his complaint. Fulton states that according to her knowledge and the memorandum issued by Dr. Moore, inmates are not allowed to refuse if there is a doctor's order. Fulton stated that she then talked with Dr. Steen who told her to catheterize the inmate. Major Dean was advised and tried to talk Lesane into voluntarily urinating; however, Lesane refused. Fulton stated that she and Major Dean explained to Lesane what was going to be done if he continued to refuse. Inmate Lesane still refused and was catheterized.

Sgt. Levern Epps stated he was asked to help with inmate Michael Lesane in Medical because Lesane had refused to provide a urine sample as ordered by the doctor. Epps stated that he went to Medical to assist with obtaining the sample and to help hold inmate Lesane if necessary. Epps stated that when he arrived, Lesane was on a gurney and handcuffed

Major Dean stated they called him because Dr. Steen needed to find out if (Lesane) had something in his system (drugs) so he could be treated. Dean stated that Lesane was asked to give a urine sample and he refused. Major Dean stated that Dr. Steen told him this was a medical situation and the inmate needed to be catheterized by force.

Lt. Durant stated that the inmate was advised that a urine sample was needed and it would be done by catheterizing if needed. Lt Durant stated that Lesane continued to refuse and other officers were called to assist if needed. Lesane was handcuffed. Durant does not believe that Lesane had a choice in the matter.

Nursing Administrator Yvonne McDonald stated that she spoke with Nurse Fulton concerning the issue of not documenting the medical incident of inmate Michael Lesane being catheterized. McDonald stated that Nurse Fulton told her that she (Fulton) believed that Dr. Steen had documented the encounter because he had given the order to catheterize the inmate. McDonald stated that she asked Nurse Fulton if inmate Lesane had refused and Fulton said that the inmate "refused to pee in a cup." McDonald stated that Fulton was asked if Lesane refused after Dr. Steen ordered the catheterization and Fulton stated that he had not; however, four officers were

**CASE NUMBER: 30-0798**
**SYNOPSIS, CONTINUED: (3)**

called to Medical for the procedure. McDonald stated that she spoke with Dr. Steen who said he ordered the catheterization which the inmate had not refused.

A copy of the memorandum distributed by Dr. Thomas Moore, Medical Director, was obtained and reviewed. In the undated memorandum, Dr. Moore stated that he wanted to address two issues, medical passes and urine drug screens. In reference to urine drug screens Dr. Moore stated: "Inmates will not be given passes to avoid observed drug screens. Inmates who are unable to urinate will be cathed."

On June 3, 2011, Investigator Greer met with General Counsel David Tatarsky who stated that he concerned with the forced procedure and would send a letter to Dr. Thomas Moore the Medical Director and Dr. John Solomon, Director, Medical Services, expressing his views.

On July 14, 2011, Investigator Lloyd Greer spoke with Doctor T. Moore regarding the letter that was sent to the institutions concerning the catheterization of inmates. During questioning, Dr. Moore stated the letter was not thought through properly and should not have been sent in its current form, and this has since been rectified. Moore further stated that the (undated) letter was mailed approximately a year previous to the incident in question.