**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Michael Bernard Lesane, | ) | |
| | ) | Civil Action No. 2:12-cv-00508-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| William Byers, Anthony Padula, Major | ) | |
| James Dean, Capt. A. Pinkney, Lt. B. | ) | |
| Durant, Sgt. Epps, Lt. Commandee, | ) | |
| Lt. Goodman, Officer Lighty, Dr. Stein, | ) | |
| Nurse Fulton, Nurse Scott, Nurse Floyd, | ) | |
| Nurse McCallaster, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Michael Bernard Lesane ("Plaintiff") filed this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff alleges excessive force, illegal detention, cruel and unusual punishment, illegal search and seizure, and a due process violation by Defendants William Byars, former director of the South Carolina Department of Corrections,[1] Warden Anthony Padula, Major James Dean, Capt. A. Pinkney, Lt. B. Durant, Sgt. Epps, Lt. Commander, Lt. Goodman, Officer Lighty, Dr. Steen, Nurse Fulton, Nurse Scott, Nurse Floyd, and Nurse McCaskill[2] (collectively "Defendants"). (ECF No. 1.) This matter is before the court on Defendants' Motion for Summary Judgment (ECF No. 35).

---

[1] The court takes judicial notice that Defendant Byars' name is correctly spelled "Byars" and not "Byers" as Plaintiff's complaint lists him. *See*, http://www.doc.sc.gov/pubweb/about_scdc/AgencyHistory5.jsp (last visited October 29, 2014). Courts have held that postings on government websites are inherently authentic or self-authenticating. *See Williams v. Long,* 585 F. Supp. 2d 679, 685-89 (D. Md. 2008).

[2] The Magistrate Judge noted the following names had been corrected in Defendants' Motion for Summary Judgment from Plaintiff's complaint: Dr. Steen (not "Stein"), Lt. Commander (not "Comandeer"), and Nurse McCaskill (not "McCallaster"). (ECF No. 58 at 5 n.3.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pre-trial handling.  On August 2, 2013, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court grant Defendants' Motion for Summary Judgment.  (ECF No. 58)  This review considers Plaintiff's Objection to Report and Recommendation ("Objections"), filed August 21, 2013. (ECF No. 67.)  For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report.  The court thereby **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 35).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The facts viewed in the light most favorable to Plaintiff are discussed in the Report. (*See* ECF No. 58.)  The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate and incorporates it by reference.  The court will only recite herein facts pertinent to the analysis of Plaintiff's Objections.

Plaintiff is incarcerated at the Wateree River Correctional Institution within the South Carolina Department of Corrections ("SCDC").   http://www.doc.sc.gov/pubweb/institutions/ wateree.jsp (last visited October 31, 2014).  At the time of the incidents alleged in his complaint, Plaintiff was housed at Lee Correctional Institution ("Lee CI").  (ECF No. 58 at 1-2.)  Plaintiff alleges that on May 25, 2011, he complained of a headache and was taken to the medical unit at Lee CI.  (ECF No. 16-3 at 3.)  Once in the unit, two nurses, including Defendant Scott, took Plaintiff's vital signs, which were reported to Defendant Floyd.  (*Id.*)  Defendant Floyd then reported Plaintiff's vital signs to a doctor and returned to tell Plaintiff the doctor wanted a urinalysis.  (*Id.*)  Plaintiff refused to provide the urine.  (*Id.*)  Plaintiff alleges he was then restrained and catheterized to obtain the urine sample.  (*Id.* at 3-4.)  Defendants allege Plaintiff's heart rate was "extremely high" and Defendant Steen wanted to perform a urinalysis to

determine the proper medical treatment.  (ECF No. 35-1 at 3.)  Defendants allege Plaintiff was placed in handcuffs pursuant to security mandates.  (*Id.*)  Defendants further allege that Plaintiff did not voice any opposition to the catheterization.  (*Id.*)

Plaintiff filed his complaint on February 23, 2012, (ECF No. 1) and was granted leave to amend on March 23, 2012 (ECF No. 13).  Plaintiff filed his amended complaint on April 6, 2012. (ECF No. 16.)  Defendants filed a Motion for Summary Judgment on September 24, 2012.  (ECF No. 35.)  On August 2, 2013, the Magistrate Judge issued the Report, recommending the court grant Defendants' Motion for Summary Judgment.  (ECF No. 58.)

In the Report, the Magistrate Judge first recommended granting summary judgment as to Defendants Byars and Padula.  (*Id.* at 14.)  As Plaintiff has not alleged any facts of personal involvement by these supervisory Defendants, the Magistrate Judge reasoned, Plaintiff could not establish liability by these Defendants under § 1983. (*Id.* at 13.) In addition, the Magistrate Judge noted that as to all remaining Defendants in their official capacities, the Eleventh Amendment bars monetary damages.  (*Id.* at 15.) The Magistrate Judge recommended declining to grant summary judgment for Defendants in their individual capacities on the ground of failure to exhaust administrative remedies.  (*Id.* at 18.)  The Magistrate Judge reasoned that although Plaintiff had not specifically alleged in his grievance all of the specific causes of actions he alleges in his complaint, his grievance provided "sufficient detail to alert Defendants to the claims Plaintiff now asserts." (*Id.*)  The Magistrate Judge also recommended granting summary judgment for the Defendants, as they are entitled to qualified immunity.  (*Id.* at 25.)  Finally, the Magistrate Judge recommended dismissing Plaintiff's requests for declaratory and injunctive relief as moot, as Plaintiff is no longer housed at Lee CI.  (*Id.* at 27.)

Plaintiff timely filed his Objections on August 21, 2013.  (ECF No. 67.)  Plaintiff also

filed an Amended Response to Defendants' Motion for Summary Judgment on September 9, 2013.  (ECF No. 69.)

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976).  This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions.  *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections.  Fed. R. Civ. P. 72(b).  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  If the plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

**A. Supervisory liability, monetary damages for actions by Defendants in their official capacities, failure to exhaust, and declaratory and injunctive relief**

Plaintiff offers no objection to the portions of the Report recommending summary judgment be granted to Defendants Byars and Padula for failure to establish personal involvement by these supervisory Defendants; noting monetary damages for Defendants' actions in their official capacities are barred by the Eleventh Amendment; recommending not granting summary judgment due to failure of Plaintiff to properly exhaust his administrative remedies; and recommending dismissing Plaintiff's requests for declaratory and injunctive relief as moot. In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond,* 416 F.3d at 315. Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas,* 474 U.S. 140; *Wright,* 766 F.2d 841; *Schronce,* 727 F.2d 91. Therefore, after a thorough and careful review of the Report and the record, the court finds the Report provides an accurate summary of the facts and law and adopts the Magistrate Judge's recommendation on these issues.

### B.  Qualified Immunity

Plaintiff offers several objections to the Magistrate Judge's recommendation regarding qualified immunity.  Plaintiff first objects that the Magistrate Judge "seems to have based his decision on the credibility of Dr. Steen's version" of the facts.  (ECF No. 67 at 1.)  Although the Magistrate Judge did discuss Defendants' version of the facts, he specifically noted he based his recommendation, as required under summary judgment analysis, on Plaintiff's (the non-moving party) version of events.  (*See* ECF No. 58 at 18-19, 25.)

Plaintiff also objects to the case law used by the Magistrate Judge in his reasoning.  (ECF No. 67 at 4.)  "These cases involved the Plaintiff's inability to urinate, not refusal, and they involved the officers presenting the problem to medical for their interest."  (*Id.*)   However, Plaintiff himself does not cite to any cases that are directly on point.  Although Plaintiff cites to cases to bolster his argument that a prisoner has a right to refuse medical treatment, these cases involve mental health, psychotropic medication, and competency to stand trial issues involving prisoners.  None of the cases to which Plaintiff cites present a factual scenario similar to his case to establish that he had a right under these circumstances to refuse this procedure such that Defendants would be aware of that right.

A public official is entitled to summary judgment under a defense of qualified immunity if either: "(1) the facts, taken in the light most favorable to the plaintiff, do not present the elements necessary to state a violation of a constitutional right, or (2) the right was not clearly established, such that it would not have been clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  (ECF no. 58 at 20, citing *Pearson v. Callahan,* 555 U.S. 223 (2009).)   Plaintiff refers to this second element in his Amended Response to Defendants' Motion for Summary Judgment, noting that under qualified immunity analysis, "the

law must be sufficiently clear that a reasonable official would understand what he is doing violates that right." (ECF No. 60 at 10.) Plaintiff cites to the Ninth Circuit case of *Newell v. Sauser,* 79 F.3d 115 (9th Cir. 1996), for this point, which quotes the Supreme Court case of *Anderson v. Creighton,* 483 U.S. 635 (1987). Although Plaintiff states this point correctly, it is further clarified with a more complete excerpt: "[T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful… but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Anderson,* 483 U.S. at 640 (internal citation omitted).

The Magistrate Judge's inability, and this court's inability as well, to find a case on point—particularly from the United States Supreme Court or the United States Court of Appeals for the Fourth Circuit—only serves to illustrate the point: there is no "bright line" rule regarding forced catheterization on prisoners in this jurisdiction. The Magistrate Judge was able to find guidance from other districts and circuits that, although not directly on point, does address the issues in this case more closely: *Miller v. Idaho State Patrol,* 252 P.3d 1274, 1285 (Idaho 2011) ("[A] forced catheterization performed on arrestees solely for medical screening or treatment, and not for investigatory reasons, is constitutional." (internal citations omitted)); and *Meyer v. Woodward,* 617 F. Supp. 2d 554, 565-66 (E.D. Mich. 2008) ("Even assuming Plaintiff did not consent to the catheterization, it is not clearly established that he had a right to refuse. As discussed above, the state has an interest in ensuring the medical stability of its detainees. It is undisputed that Plaintiff was detained at the time the procedure was performed. A doctor

determined that a catheterization was a medically necessary procedure. Thus, it is not clear that Plaintiff had a right to refuse the treatment.")   But perhaps it is *Lockhard v. City of Lawrenceburg, Ind.,* that most clearly illustrates the key point in this case: "[T]he existence and/or direction of any discernable trend in the law concerning forcible catheterizations is far from clear."  815 F. Supp. 2d 1034, 1051 (S.D. Ind. 2011).  In the Fourth Circuit and the District of South Carolina, the jurisdictions under which the right must be established to give these Defendants proper notice, the law regarding forced catheterizations is, at best, unclear.  Thus, as the Magistrate Judge noted, Defendants cannot be said to have "transgress[ed] bright lines." (ECF No. 58 at 24, citing *Maciariello v. Sumner,* 973 F.2d 295, 298 (4th Cir. 1992).)  Therefore, Defendants are entitled to qualified immunity.

Plaintiff further insists that SCDC policies regarding prisoners' rights to refuse medical treatment (*see* ECF No. 67-1 at 1-2, SCDC Policy/Procedure HS-18.19 "Refusal of Medical Care") and regarding informed consent (*see* ECF No. 67-1 at 3-4, SCDC Policy/Procedure HS-18.12 "Informed Consent") establish that Defendants knew Plaintiff had a right to refuse the procedure, and therefore violated his rights by conducting the procedure without his consent. (ECF No. 67 at 2.)  These policies, however, do not establish a *constitutional* right, thereby putting Defendants on notice.  Plaintiff cites to the Ninth Circuit case of *Allen v. Sakai* to assert that a prison policy can establish officials were aware of a prisoner's rights.  (ECF No. 67 at 2, citing 48 F.3d 1082, 1088 (9th Cir. 1994).)  Plaintiff's reliance on *Allen* is misplaced.  The Ninth Circuit found that the prison's policy goal of providing five hours of exercise a week to prisoners established a subjective *state of mind* of deliberate indifference by prison officials when they deprived a prisoner of outdoor recreation.  48 F.3d at 1088.  However, the court found under the objective prong of its analysis that the prisoner's *right* was established by *case law*.  *Id.* at 1087.

As noted, case law in the Fourth Circuit does not establish a right for Plaintiff in this case. Further, documents Plaintiff himself cites indicate a policy that specifically addressed catheterization of prisoners on which Defendants seemed to rely.  In his Motion to Amend Response to Summary Judgment (ECF No. 44), Plaintiff attached an "Investigative Report" of the incident at issue.  (ECF No. 44-1 at 2-4.)  The report references a memorandum distributed at Lee CI by Medical Director Dr. Thomas Moore stating, "Inmates will not be given passes to avoid observed drug screens.  Inmates who are unable to urinate will be cathed."  (ECF No. 44-1 at 4.)  The report indicates the memorandum had been distributed approximately a year before the incident.  (*Id.*)  In the Incident Report, which Plaintiff attached to his Amended Response to Defendants' Motion for Summary Judgment (ECF No. 69), Defendant Fulton stated she thought prison policy indicated officials could force catheterization on prisoners.  (ECF No. 69-1 at 1.) Inasmuch as Plaintiff wishes to rely on prison policy to establish Defendants' notice or awareness of his rights, the facts presented, even in the light most favorable to Plaintiff, do not support such a finding.  As such, Defendants are entitled to qualified immunity.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and Recommendation of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report and Recommendation of the Magistrate Judge (ECF No. 58).  It is therefore ordered that Defendants' Motion for Summary Judgment (ECF No. 35) is **GRANTED**.  It is further ordered that Plaintiff's Motion to Amend (ECF No. 44) is **DENIED** as moot.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

November 3, 2014
Columbia, South Carolina

9